## SOUTHWORTH & AL. vs. BOWIE.

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court.

This case presents two points for decision;

A minor above the age of puberty, may contract, if the engagement be advantageous to him.

West'n District
  *Sept.* 1823.

SOUTHWORTH
  & AL..
  *vs.*
BOWIE.

the first is, as to the correctness of the opinion of the district judge, on a question of law arising on the trial; and the second, as to the liability of the defendant, on the contract which forms the basis of the action.

The proceedings commenced by an order of seizure and sale, granted on an application of the plaintiffs, who averred that an obligation by authentic act executed by the defendant, in favor of a certain Stephen Herriman, had been duly transferred to them by a public instrument of writing, executed before a notary public. On attempting to carry this order into effect, the defendant applied for, and obtained an injunction, on the ground that he was a minor, at the time he executed the obligation on which the plaintiffs had sued him.

On this allegation of minority an issue was joined, and several facts were submitted to a jury; among others, one on the part of the defendant, in the following words, "was the consideration of the mortgage for articles, dealings &c. useful and necessary for the defendant, and what were they?" Before the jury retired the party submitting this fact, requested the judge to charge them to find "absolutely that the consideration of the mortgage by the

West'n District
*Sept.* 1823.

SOUTHWORTH
& AL.
*vs.*
BOWIE.

defendant was advantageous to him, or was not advantageous to him." The judge refused to do so, and, in our opinion, correctly, for the evidence may have been such that it was impossible for the jury to find, that the consideration of the obligation, *i. e.* the whole consideration, received by the defendant, was beneficial or was not The verdict rendered, shews, that they conceived there was a necessity for distinguishing between that part which had been useful to the obligor, and that which had been otherwise. Nothing, surely, can oblige a jury to answer categorically, on a question proposed to them, when the evidence does not enable them to do so safely.

The next question is one of some importance, and is now presented, for the first time, for our decision. It is, whether a minor above the age of puberty, and under that of majority, is legally bound by contracts useful and necessary to him, which he may have entered into between these two periods.

It appears to have been a question of great difficulty with the commentators in the civil law, whether a minor under the age of puberty could enter into any obligation, either civil or natural, and the provisions found in the

West'n District
Sept. 1823.

SOUTHWORTH
& AL.
vs.
BOWIE.

Digest, in which the advocates of the different doctrines on this subject, found their opinion, cannot perhaps be reconciled—See *Dig. liv.* 2 , *tit.* 14, *l.* 28, *ibid: liv.* 12, *tit.* 6, *l* 41: *liv.* 35, *tit.* 2, *l.* 21: *liv.* 45, 1 *liv.* 127: *liv.* 46, *tit.* 2, *liv.* 1, *sec.* 1 : *liv.* 46, *tit* 3, *law* 95, *no.* 2. It does not, however, appear to us to have been doubted that the minor above the age of puberty was capable of contracting an obligation which bound him, if it turned to his profit; and on this head it is unnecessary to refer to the opinion of jurists, as we have positive law : By the 4th law of the 11th title of the 5th Partida, it is expressly declared that, the promise of the minor above fourteen years of age is binding, if that promise is advantageous to him. Our Code does not seem to have introduced any change on this point; on the contrary, by giving persons of that age the right to rescind their contract, it would seem to recognize their existence—*Civ. Code,* 302, *art.* 214–212, *Febr. Par.* 1, *cap.* 4, *sec.* 1, *no.* 3 : *Par.* 3, *tit.* 18, *law* 59.

Our conclusion, therefore, is, that a minor is not incapable to contract, but that he is rendered incapable to injure himself by contracting, and if in the instance before us, the jury

West'n District
*Sept.* 1823.

SOUTHWORTH
& AL.
*vs.*
BOWIE.

had found that the engagement, the defendant entered into, had been useful and advantageous to him, wo should have felt it our duty to enforce it.

But the verdict informs us it was only in part so, and it does not inform us in how much, we are therefore unable to decide with correctness on the rights of the parties, and the cause must be remanded, in order that this fact, so important to a correct decision of the cause, be ascertained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that the case be remanded for a new trial; and that the appellee pay the costs of the appeal.

*Thomas* for the plaintiffs, *Baldwin* for the defendants.